UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| HERBERT HAMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 21-2582-SHM-tmp |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**ORDER MODIFYING THE DOCKET;**
**DISMISSING CONSOLIDATED COMPLAINT (ECF NOS. 1, 12 & 14) WITH PREJUDICE;**
**DENYING LEAVE TO AMEND;**
**DENYING PENDING MOTIONS (ECF NOS. 13 & 15);**
**CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH;**
**NOTIFYING HAMER OF THE APPELLATE FILING FEE;**
**NOTIFYING HAMER OF STRIKE RECOMMENDATION UNDER 28 U.S.C. § 1915(g);**
**AND DISMISSING THE CASE**

Before the Court are *pro se* Plaintiff Herbert Hamer's complaint (ECF No. 1), first amended complaint (ECF No. 12), second amended complaint (ECF No. 14), "motion to pay some of the filing fee" (ECF No. 13), and motion for a hearing (ECF No. 15). For the reasons explained below: (1) the complaint, the first amended complaint, and the second amended complaint (ECF Nos. 1, 12 & 14) are DISMISSED WITH PREJUDICE; and (2) the pending motions (ECF Nos. 13 & 15) are DENIED.

**I.  PROCEDURAL HISTORY**

On September 13, 2021, Hamer filed a complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Hamer was confined at the Cimarron Correctional Facility in Cushing, Oklahoma, when he filed the complaint. (ECF No. 1-1 at PageID 2.) On December 29, 2021, the Court granted leave to proceed *in forma pauperis* and assessed the three hundred and fifty dollar ($350.00) filing fee

in accordance with the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. §§ 1915, *et seq.*. (ECF No. 11; *see id.* at PageID 32 ("If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately, in writing, of his change of address").)

On March 21, 2022, Hamer filed a "motion to fil[e] a civil rights lawsuit on a con[s]titution violation." (ECF No. 12.) The Court construes Hamer's March 21, 2022 motion as an application to file a first amended complaint. (*Id.* (the "FAC"). The Court GRANTS the March 21, 2022 motion.

On April 6, 2022, Hamer filed a "motion to pay some of the filing fee." (ECF No. 13 (the "Fee Motion").) Hamer submitted one hundred dollars cash ($100.00) with the Fee Motion (the "April Payment"). The Clerk of Court applied the April Payment to the outstanding amount of the civil filing fee. The Clerk sent Hamer a letter saying that the Court cannot accept postal payments via United States mail.

On May 2, 2022, Hamer filed a second amended complaint. (ECF No. 14 (the "SAC").)

On May 17, 2022, Hamer filed a motion for a hearing. (ECF No. 15 (the "Motion For A Hearing").) Hamer did not explain the basis for his hearing request.

According to the Federal Bureau of Prisons website, Hamer was confined at the United States Penitentiary in Atlanta, Georgia as of September 15, 2021, and he was released on June 3, 2022. (*See* https://www.bop.gov/inmateloc/.) Hamer says that he was "incarcerated at the Diersen Charities Memphis" (the "DCM")[1] in Memphis, Tennessee when he filed (1) the FAC (ECF No. 12-1 at PageID 35), (2) the Fee Motion (ECF No. 13-1 at PageID 37), (3) the SAC (ECF No. 14-1 at PageID 39), and (4) the Motion For A Hearing. (ECF No. 15-1 at PageID 41.)

---

[1] *See* https://www.dismas.com/about/fast-facts/ ("We are one of the largest, not-for-profit providers of residential, effective, evidence based re-entry services in the United States … [We] provide … residential re-entry centers … across the nation").

Hamer has never notified the Court in writing that he has been transferred to a different facility. (*See* ECF Nos. 6 & 7.)

The Court CONSOLIDATES the complaint, the FAC, and the SAC as the Consolidated Complaint (ECF Nos. 1, 12 & 14) for purposes of screening Hamer's § 1983 claims under the PLRA. The Consolidated Complaint alleges claims of (1) violation of Hamer's right not to be subject to double jeopardy and (2) Hamer's wrongful placement on Tennessee's sex offender registry list. (*Id*.) Hamer sues: (1) the United States of America; and (2) the State of Tennessee.

## II. SCREENING OF THE CONSOLIDATED COMPLAINT

### A. LEGAL STANDARD

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Applying those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of

Civil Procedure 8 provides guidance on this issue. Although Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases will accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

### B. **REQUIREMENTS TO STATE A CLAIM UNDER § 1983**

Hamer sues under 42 U.S.C. § 1983. (ECF No. 1 at PageID 1.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

## III. ANALYSIS

### A. CLAIM AGAINST THE UNITED STATES OF AMERICA

The Consolidated Complaint alleges that Hamer was charged and incarcerated twice for one incident of "non contact of probation officer on supervised release." (ECF No. 1 at PageID 1

(the "Double Jeopardy Claim").)  Hamer alleges the Double Jeopardy Claim against the United States of America.  (*Id*.)  Hamer seeks release from confinement and five hundred million dollars ($500,000,000.00) for "being violated twice on the same violation factual basis [sic]."  (*Id*.)

Hamer's Double Jeopardy Claim against the United States of America is construed as a claim under *Bivens v. Six Unknown Fed. Agents*, 403 U.S. 388 (1971).

Twenty-eight U.S.C. § 1331 provides that federal District Courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Section 1331 requires that complaints allege valid claims under the United States Constitution or some federal law providing for a federal right of action.  Hamer alleges that the United States of America violated Hamer's federal constitutional "due process rights, *i.e.*, double jeopardy." (ECF No. 1 at PageID 1.)  Therefore, the Court considers Hamer's claim under *Bivens*.

A prisoner "may not bring a *Bivens* claim against [a] [federal] officer's employer, the United States, or the BOP [Bureau of Prisons]," *see Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001), because *Bivens* claims against the United States and federal agencies are barred by sovereign immunity.  *Franklin v. Henderson,* No. 00–4611, 2000 WL 861697, at *1 (6th Cir. June 20, 2001); *Fagan v. Luttrell,* No. 97–6333, 2000 WL 876775, at *3 (6th Cir. June 22, 2000).  The United States of America is immune from suit.  *See United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983).  A suit under *Bivens* may be brought only against individual officers for certain constitutional violations.

For these reasons, Hamer's Double Jeopardy Claim against the United States of America is DISMISSED WITH PREJUDICE because the United States of America is not a proper defendant in a *Bivens* action.

  B. <u>**CLAIM AGAINST THE STATE OF TENNESSEE**</u>

Hamer sues the State of Tennessee for "us[ing] a case tha[t] happen[ed] in Vietnam at the time I was in [the] war in 1966-1968" to place Hamer on Tennessee's sex offender registry list. (ECF No. 12 at PageID 34 (the "Registry Claim").) Hamer asks the Court "to get the State of Tennessee to remove [Hamer] from the list because it did not happen in the United States of America. The thing they [are] using came from my Army record in Vietnam and [they are] trying to use this in the United States." (ECF No. 14 at PageID 38.) Hamer alleges that his placement on Tennessee's sex offender registry list "violat[es] all [of] Plaintiff['s] right[s]." (*Id.*) The Consolidated Complaint alleges that Hamer is being denied "a place to live in Tennessee" based on his alleged sex offense during the Vietnam War. (ECF No. 12 at PageID 34.) The Consolidated Complaint does not allege: the date Hamer was placed on Tennessee's sex offender registry list; the date of the offense for which he was placed on the registry list; when he allegedly was refused housing in Tennessee based on his sex offender registry listing; whether he asked the State to be removed from the registry list and was denied; or other injuries he has suffered as a result of allegedly being on Tennessee's sex offender registry. The Consolidated Amended Complaint does not allege facts explaining how Hamer is at the DCM re-entry facility in Memphis, if he is allegedly "being den[ied] a place to live in Tennessee." (*See id.*) Hamer seeks removal from Tennessee's sex offender registry list and five hundred million dollars ($500,000,000.00). (*Id.*; ECF No. 14 at PageID 38.)

Hamer has no valid claim against the State of Tennessee. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from suing

6

their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst States Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State") (citations omitted). Tennessee has not waived its sovereign immunity. *See* Tenn. Code Ann. § 20-13-102(a). Tennessee is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

The Registry Claim is DISMISSED WITH PREJUDICE because Hamer has no claim under § 1983 against the State of Tennessee.

### C.  CLAIMS THAT AROSE BEFORE SEPTEMBER 4, 2020

To the extent one or more of the Consolidated Complaint's claims arose before September 4, 2020, those claims are time-barred by the one-year statute of limitations applicable to § 1983 claims in Tennessee. (*See* Tenn. Code Ann. § 28-3-104(a)(1)(B); *Edison v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634-35 (6th Cir. 2007); ECF No. 1 at PageID 1 (deemed filed on September 4, 2021); *Mason v. Dep't of Justice*, 39 F. App'x 205, 207 (6th Cir. 2002) ("the appropriate statute of limitations for [a] *Bivens* action arising in Tennessee is one year"); *Houston v. Lack*, 487 U.S. 266, 270, 276 (1988) (adopting the mailbox rule for federal *pro se* prisoner filings).)

### IV.  AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir.

2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court DENIES leave to amend because the deficiencies in Hamer's Consolidated Complaint cannot be cured. It would be futile to give Hamer an opportunity to amend.

**V.     APPELLATE ISSUES**

Under Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), the Court considers whether an appeal by Hamer would be taken in good faith. *See Callihan v. Schneider*, 178 F.3d 800, 803–04 (6th Cir. 1999). Under Rule 24(a), if the District Court permits a party to proceed *in forma pauperis*, that party may also proceed on appeal *in forma pauperis* without further authorization. There is an exception when the District Court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis*." Fed. R. App. P. 24(a)(3)(A). If the District Court denies pauper status, the party may move to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)–(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether a party appeals in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* "It would be inconsistent for a court to determine that a complaint should be dismissed prior to service on Defendants but has sufficient merit to support an appeal *in forma pauperis*." *DePriest v. Prestress Servs., Inc.*, No. 13-2768-JDT-cgc, 2014 WL 1269933, at *1 (W.D. Tenn. Mar. 27, 2014) (citing *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983)). For the same reasons the Court dismisses Hamer's Consolidated Complaint for failure to state a claim, the Court finds that an appeal would not be taken in good faith. The Court therefore CERTIFIES, under Federal Rule of Appellate Procedure 24(a), that any appeal by Hamer would not be taken in good faith. The Court DENIES leave to proceed on appeal *in forma pauperis*. If Hamer appeals, he must pay the full $505 appellate filing fee or move for leave to appeal *in forma pauperis* with a supporting affidavit in the Sixth Circuit. *See* Fed. R. App. P. 24(a)(5).

## VI.     NOTICE OF STRIKE RECOMMENDATION

The "three strikes" provision of 28 U.S.C. § 1915(g) prevents a court from granting *in forma pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated ... brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). For § 1915(g) analysis of Hamer's future filings, if any, the Court recommends that the dismissal of this case be treated as a strike pursuant to § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).

## VII.    THE FEE MOTION

On April 6, 2022, Hamer filed the Fee Motion and submitted the April Payment. (ECF No. 13.)  The Fee Motion says only: "Motion to pay some on the filing fee."  (*Id*. at PageID 36.)

To the extent Hamer intended the Fee Motion to make a record of the April Payment, the Motion is MOOT.  The Clerk of the Court documented the April Payment on the case docket.

To the extent Hamer intended the April Payment to satisfy, in full, Hamer's obligation to pay the civil filing fee, the Fee Motion is DENIED.  The PLRA provides prisoners the opportunity to pay the filing fee in monthly installments, but prisoners remain responsible for paying the full filing fee.  *See* 28 U.S.C. § 1915(b).  The obligation to pay the fee accrues at the time the case is filed.  *McGore v. Wrigglesworth*, 114 F.3d 601, 613 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951 (overruling *McGore* to allow plaintiffs to amend complaints when the complaints are subject to dismissal under the PLRA).

To the extent the Fee Motion seeks relief other than that described above, the Fee Motion is MOOT.  The case will not proceed because the Consolidated Complaint fails to state a claim to relief.[2]

## VIII.   CONCLUSION

For the reasons explained above:

---

[2] When a District Court grants leave to proceed *in forma pauperis* to a prisoner-plaintiff who is released before the conclusion of the case, the Sixth Circuit has held that "the obligation to pay the remainder of the fees is to be determined solely on the question of whether the released individual qualifies for pauper status." *McGore*, 114 F.3d at 613.  The record in Hamer's case is unclear about whether he has been released from confinement and, if so, when. If Hamer has been released from confinement, he must submit a non-prisoner *in forma pauperis* affidavit or the balance of the civil filing fee for the case to proceed.  Given that the case is not proceeding because of the Consolidated Complaint's pleading deficiencies, the Court need not determine Hamer's present status as a confined detainee or an inmate for purposes of satisfying his civil filing fee obligation.

A. Hamer's March 21, 2022 motion (ECF No. 12) is GRANTED to the extent Hamer seeks leave to file the FAC;

B. The Consolidated Complaint (ECF Nos. 1, 12 & 14) is DISMISSED WITH PREJUDICE in its entirety for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Leave to amend is DENIED;

C. The Fee Motion (ECF No. 13) is MOOT to the extent Hamer seeks to create a record of the April Payment. The Fee Motion is DENIED to the extent Hamer requests that the April Payment satisfy Hamer's obligation to pay the full amount of the civil filing fee. To the extent the Fee Motion seeks other relief, the Fee Motion is DENIED;

D. The Motion For A Hearing (ECF No. 15) is DENIED as moot. The Court is dismissing the Consolidated Complaint with prejudice for failure to state a claim to relief, and the case will not proceed;

E. This case is DISMISSED in its entirety. The Court recommends that the dismissal of this case be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons*, 996 F.3d 350;

F. The Court CERTIFIES that an appeal would not be taken in good faith; and

G. The Court DENIES leave to proceed *in forma pauperis* on appeal. If Hamer appeals, he must pay the full $505 appellate filing fee or move for leave to appeal *in forma pauperis* with a supporting affidavit in the Sixth Circuit. Fed. R. App. P. 24(a)(5).

IT IS SO ORDERED, this 7th day of December, 2022.

           /s/ *Samuel H. Mays, Jr.*
           SAMUEL H. MAYS, JR.
           UNITED STATES DISTRICT JUDGE